UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRAIG WILCOX, an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>MICHAEL J. BIBIN, AND ASSOCIATES, CPA, P.A., an Idaho Corporation, and MICHAEL BIBIN, an individual,<br><br>              Defendants. | Case No. 2:15-CV-00261-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Defendants Motion for Extension of Time, Motion to Dismiss for Failure to Join Indispensable Party, and Motion to Seal. (Dkt. 7, 8, 12.) The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions will be decided on the record before this Court without oral argument.

ORDER- 1

## BACKGROUND

In June of 2012, Plaintiff Craig Wilcox and his father, Cort Wilcox, were financial advisors for another entity when Wells Fargo Advisors LLC offered Plaintiff an employment position. That offer prompted Plaintiff to explore a consulting arrangement with Cort Wilcox to purchase his book of business in conjunction with accepting the employment offer from Wells Fargo Advisors LLC. Plaintiff met with and hired Defendants Michael J. Bibin and Associates CPA, P.A. and Michael Bibin (collectively Bibin) for the purpose of obtaining federal and state income and employment tax advice regarding these prospective employment and business acquisition opportunities. (Dkt. 1.) Based on the advice from Defendants, Plaintiff accepted the employment offer and entered into the consulting arrangement with Cort Wilcox. Later, in April of 2014, when Defendants prepared Plaintiff's 2013 tax returns they notified Plaintiff that he would not be able to deduct the expenses relating to the consulting arrangement with Cort Wilcox due to the operation of the Alternative Minimum Tax. Plaintiff's resulting total federal tax liability as reported was higher than expected and will continue to be higher for the ensuing nine years. Additionally, Plaintiff alleges the Defendants failed to claim a state income tax deduction for payments to Cort Wilcox resulting in additional tax liability and improperly advised him concerning IRS Form 1099 resulting in other tax penalties.

As a result, Plaintiff initiated this action raising a negligence claim for professional malpractice and a breach of fiduciary duty claim. (Dkt. 1.) Defendants have filed the instant

Motion to Dismiss arguing Cort Wilcox is a necessary and indispensable party who must be joined in this action. (Dkt. 7.) The Court finds as follows.

## LEGAL STANDARD

A party may move to dismiss a case for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Pursuant to Rule 19, the district court must first determine if an absent party is "necessary" to the action; then, if that party cannot be joined, the court must determine whether the party is "indispensable" so that "in equity and good conscience" the action should be dismissed. *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)). Stated differently, "Rule 19 of the Federal Rules of Civil Procedure sets forth considerations to guide a district court's determination whether a particular party should be joined in a suit if possible, referred to as a 'necessary party,' and, if so, whether, if the party cannot be joined, the suit should be dismissed because the absent party is 'indispensable.'" *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir. 2004) (citations omitted). The court should grant a Rule 12(b)(7) motion only if the court determines that joinder would destroy jurisdiction and a nonjoined party is necessary and indispensable. *Shermoen v. United States*, 982 F.2d 1312, 1317–18 (9th Cir. 1992).

A party is "necessary" under Rule 19 in one of two ways. *Las Vegas Events*, 375 F.3d at 879. First, a party is necessary if complete relief cannot be granted in its absence. *Id.*; Fed. R. Civ. P. 19(a)(1). Alternatively, a party is necessary if the district court determines that "the

absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Id.* at 880; Fed. R. Civ. P. 19(a)(2). Such a legally cognizable interest must be more than a financial stake in the outcome of the litigation. *Makah Indian Tribe*, 910 F.2d at 558. The moving party bears the burden of proving that joinder is necessary. *Id.*

If a party is necessary and cannot be joined, the Court must consider Rule 19(b)'s four-part test to determine whether to dismiss the action because the party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b); *see also Makah Indian Tribe*, 910 F.2d at 560.

No one of the aforementioned factors is dispositive. Instead, in the context of a particular case, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp.*, 464 F.3d 885, 891 (9th Cir. 2006).

**ORDER- 4**

## ANALYSIS

### 1.      Motion for Extension of Time

Defendants request additional time to file their reply brief and leave to supplement the record with regard to their Motion to Dismiss. (Dkt. 12.) The Motion for Extension of Time relates to the parties' dispute over each other's characterizations of the facts in this case. In particular, Defendants seek to address the facts surrounding Cort Wilcox's involvement in relation to the claims made by Plaintiff in this case. Plaintiff opposed the Motion arguing no legal basis or good cause have been shown to grant the request and that it is prejudicial. (Dkt. 14.) Defendants have now filed their Reply brief and a Supplemental Affidavit. (Dkt. 13.)

The Court has reviewed the Supplemental Affidavit and Reply brief in light of the parties' arguments stated above. Having done so, the Court finds the Motion for Extension of Time to be moot. Defendants have made their submissions and, given the Court's ruling below, Plaintiff has not been prejudice.

### 2.      Motion to Dismiss

#### A.      Necessary Party: Complete Relief to Plaintiff

Success by Plaintiff in this action would afford him complete relief. The causes of action are made directly against the Defendants for their alleged negligence and breach of fiduciary duty relating to the tax and accounting advice Defendants provided to Plaintiff. (Dkt. 1.) Specifically, the Defendants' advice made to Plaintiff regarding the federal and state income and employment tax consequences of 1) accepting the offer of employment agreement from Wells Fargo Advisors LLC ("Employment Agreement") and 2) entering into

a contract with Cort Wilcox for consulting to obtain his book of business ("Consulting Agreement"). (Dkt. 1 at ¶¶ 5, 7-11.) Plaintiff seeks monetary damages allegedly resulting from the Defendants' advice in the form of unexpected tax liabilities incurred, lost opportunities, and income. Plaintiff also requests that Defendants buy Plaintiff out of his Employment Agreement. (Dkt. 1 at ¶ 16b, 21b.) This Court has diversity jurisdiction over these claims under 28 U.S.C. § 1332(a) and, therefore, the authority to grant the relief sought by Plaintiff without the presence of Cort Wilcox.

### B.      Necessary Party: The Absent Party's Legally Cognizable Interests

Defendants argue Cort Wilcox is a necessary party because his legally cognizable interests could be impaired if the action goes forward without him and Defendants would be exposed to a substantial risk of double obligations. (Dkt. 9 at 5-6.) The interests of Plaintiff and Cort Wilcox, Defendants maintain, are intertwined and it is impossible to resolve Plaintiff's claims without also examining what transpired between Defendants and Cort Wilcox.

Cort Wilcox need not be a party to this action in order for the facts relating to the transactions involving him be examined in this case if they are shown to be relevant to the Plaintiff's claims. The Court recognizes that the interplay between the arrangements pursued by Cort and Craig Wilcox seems to be relevant to the resolution of Plaintiff's claims in this case. The Court disagrees, however, with the Defendant's argument that the Plaintiffs claims seek "to set aside contracts to which Cort [Wilcox] was a party." (Dkt. 13 at 2.) The relief sought in this case includes that Defendants buy out Plaintiff's Employment Agreement. The

ORDER- 6

Employment Agreement, however, is between Plaintiff and Wells Fargo, LLC, not Cort Wilcox. (Dkt. 9-4, Ex. B.)[1] As such, that request for relief would not nullify any contract to which Cort Wilcox was a party.

Further, the Court disagrees that Defendants are exposed to double recovery absent Cort Wilcox's joinder in this case. Again, the Plaintiff's claims seek recovery of damages resulting from the Defendants' advice made to Plaintiff. Any claims Cort Wilcox  may have against Defendants for the advice they provided to him would be for distinct damages, i.e., damages suffered by Cort Wilcox.

For these reasons the Court finds Cort Wilcox is not a necessary party to this litigation. The claims raised by Plaintiffs are as to the legal interests of Craig Wilcox. That being said, the Court acknowledges that Plaintiff's claims can not be considered in a vacuum where Cort Wilcox's involvement is ignored. Regardless, Defendants have not shown that Cort Wilcox is a necessary party to this action and, therefore, the Court denies the Motion to Dismiss at this time. Because Cort Wilcox has not been shown to be a necessary party, the Court need not discuss the Rule 19(b) inquiry considering whether he is an indispensable party.

---

[1] The Promissory Note and Consultation Contract were made between Craig and Cort Wilcox. (Dkt. 9-5, Ex. C.)

**ORDER- 7**

3.      **Motion to Seal**

Defendants have filed a Motion to Seal arguing in order to defend this lawsuit it will be necessary to publish private and/or privileged confidential accounting and legal advice and tax information for both the Plaintiff and the non-party Cort Wilcox. (Dkt. 8.) Defendants request that the Court issue a protective order requiring the parties to submit private and/or confidential information under seal. Plaintiff has not responded to the Motion. Where "an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." Dist. Local Civ. R. 7.1 (e)(1). The Court finds as follows.

To the extent any filings in this case contain any information of an individual's personal privacy, the parties shall adhere to District Local Civil Rule 5.5. As to the request for a protective order, the Court grants the Motion. When privileged materials must be filed in a case, and the privilege has not been waived, courts generally find compelling reasons to overcome the strong presumption in favor of public access exist sufficient to warrant sealing those materials. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Creative Tent Int'l Inc. v. Kramer*, 2015 WL 4638320, at *3 (D. Ariz. Aug. 4, 2015) ("[T]he presence of privileged attorney-client communications is a compelling reason to seal the subject judicial record."); *Guidiville Rancheria of Cal. v. United States*, 2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013) ([T]he attorney-client privilege ... establishes compelling reasons for sealing."). Because the parties are more familiar with the materials

ORDER- 8

in this case, the Court orders both sides to confer and jointly submit a proposed protective

order regarding the filing of privileged materials in this case. Such proposed protective order

shall be submitted on or before March 14, 2016 by filing the same to the Court's email orders

box: EJL_Orders@id.uscourts.gov. The proposed protective order shall adhere to and

incorporate the law applicable to the sealing of materials in judicial proceedings.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1.      Defendants' Motion to Dismiss (Dkt. 7) is **DENIED**.

2.      Defendants' Motion to Seal (Dkt. 8) is **GRANTED** as stated herein. The

parties shall confer and jointly submit a proposed protective order on or before

**March 14, 2016**.

3.      Defendants' Motion for Extension of Time (Dkt. 12) is **MOOT**.


DATED:  **February 24, 2016**


Honorable Edward J. Lodge
U. S. District Judge


**ORDER- 9**