UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRAIG WILCOX, an individual,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>MICHAEL J. BIBIN AND ASSOCIATES, CPA, P.A., an Idaho Corporation, and MICHAEL BIBIN, an individual,<br><br>　　　　　Defendants. | Case No. 2:15-cv-00261-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendants' Motion for Reconsideration or, alternatively, Motion to Dismiss for *Forum Non Conveniens*. (Dkt. 52.)[1] The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided on the record before this Court without oral argument.

---

[1] There are other pending motions in this case which will be ruled upon separately in due course.

**MEMORANDUM DECISION ORDER - 1**

# FACTUAL AND PROCEDURAL BACKGROUND

In June of 2012, Plaintiff Craig Wilcox and his father, Cort Wilcox, were financial advisors for another entity when Wells Fargo Advisors LLC offered Plaintiff an employment position. That offer prompted Plaintiff to explore a consulting arrangement with Cort Wilcox to purchase his book of business in conjunction with accepting the employment offer from Wells Fargo Advisors LLC. Plaintiff met with and hired Defendants Michael J. Bibin and Associates CPA, P.A. and Michael Bibin (collectively Bibin) for the purpose of obtaining federal and state income and employment tax advice regarding these prospective employment and business acquisition opportunities. (Dkt. 1.) Based on the advice from Defendants, Plaintiff accepted the employment offer and entered into the consulting arrangement with Cort Wilcox. Later, in April of 2014, when Defendants prepared Plaintiff's 2013 tax returns they notified Plaintiff that he would not be able to deduct the expenses relating to the consulting arrangement with Cort Wilcox due to the operation of the Alternative Minimum Tax. Plaintiff's resulting total federal tax liability as reported was higher than expected and will continue to be higher for the ensuing nine years. Additionally, Plaintiff alleges the Defendants failed to claim a state income tax deduction for payments to Cort Wilcox resulting in additional tax liability and improperly advised him concerning IRS Form 1099 resulting in other tax penalties.

As a result, Plaintiff initiated this action raising a negligence claim for professional malpractice and a breach of fiduciary duty claim. (Dkt. 1.) Defendants filed a Motion to Dismiss arguing Cort Wilcox is a necessary and indispensable party who must be joined in

this action. (Dkt. 7.) The Court denied the Motion to Dismiss concluding Cort Wilcox is not a necessary party to this litigation. (Dkt. 19.) Defendants have filed the instant Motion to Reconsider that decision and alternative Motion to Dismiss which the Court takes up herein and finds as follows.

## DISCUSSION

1. **Motion for Reconsideration**

Defendants seeks reconsideration of the Court's Order denying their Motion to Dismiss for Failure to Join an Indispensable Party. (Dkt. 52.) Defendants argue new evidence has arose since the Court's ruling in the form of Cort Wilcox's filing suit against Defendants in state court arising out of the same facts and circumstances as Craig Wilcox's claims in this case. (Dkt. 52.) As such, Defendants contend, they are now at risk of being subjected to double recovery for the same harm and have shown Cort Wilcox is an indispensable party to this action. (Dkt. 52.) Plaintiffs oppose the Motion arguing it is untimely and without merit because Defendants have not shown they are at risk of being subjected to multiple or inconsistent recoveries. (Dkt. 54.)

    A. **Standard of Law**

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah Cnty, Or. v. ACanS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule

60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has stated that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

B. **Timeliness of the Motion for Reconsideration**

The Order denying Defendants' Motion to Dismiss was issued on February 24, 2016. The Motion to Reconsider was filed on March 10, 2017, more than one year later, and therefore outside of Rule 60's one-year time limit. *See* Fed. R. Civ. P. 60(c)(1). Here, however, because the Motion to Reconsider is based on newly discovered evidence – Cort Wilcox's filing of a state case on April 1, 2016 – the Court finds it appropriate to consider Defendants' Motion in the interests of justice.

### C. Merits of the Motion for Reconsideration

Having reviewed the Order denying Defendants' Motion to Dismiss and all of the parties' briefing on the question of Cort Wilcox's joinder, the Court concludes its decision is correct even in light of the new evidence. In fact, the possibility of Cort Wilcox filing his own case against Defendants was addressed in the prior Order which states:

> [T]he Court disagrees that Defendants are exposed to double recovery absent Cort Wilcox's joinder in this case. Again, the Plaintiff's claims seek recovery of damages resulting from the Defendants' advice made to Plaintiff. Any claims Cort Wilcox may have against Defendants for the advice they provided to him would be for distinct damages, i.e., damages suffered by Cort Wilcox.

(Dkt. 19 at 7.) Now that what was possible has become a reality and Cort Wilcox has filed a case against Defendants in state court, that does not change the fact that Cort Wilcox's claims against Defendants are separate and distinct from the Plaintiff's claims and damages alleged against the Defendants in this case. For these reasons and those stated in the Court's prior Order, which are incorporated herein, the Motion for Reconsideration is denied.

### 2. Motion to Dismiss for *Forum Non Conveniens*

Alternative to their Motion to Reconsider, Defendants have moved to dismiss this case based on the doctrine of *forum non conveniens*. (Dkt. 52 at 7-8.) Plaintiff disagrees arguing the doctrine does not apply in this context – i.e., remanding a properly filed federal action to state court – and the Motion should be denied on its merits. (Dkt. 54.)

Under the doctrine of *forum non conveniens*, "[a] district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). "To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). "[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Id.* (quoting *Piper Aircraft*, 545 U.S. at 255).

The doctrine is generally applied in cases where the alternative forum is abroad but also in "rare instances where a state court…serves litigational convenience best," such as enforcing a forum-selection clause. *Sinochem Intern. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *see also Mehta v. Power-One, Inc.*, 2014 WL 12603185, at *3 (C.D. Cal. June 2, 2014) (citing cases).[2]

A.  **Existence of Adequate Alternative Forum**

Plaintiff's state law claims in this case are before this Court based on diversity jurisdiction. Thus, Idaho state court is an adequate alternative form for Plaintiff's claims.

---

[2] *Forum non conveniens* does not apply to transfers between federal district courts as those are governed by 28 U.S.C. §§ 1404(a) and 1406(a).

**MEMORANDUM DECISION ORDER - 6**

### B. Deference to Plaintiff's Choice of Forum

Plaintiff is a resident of the State of Oregon and, therefore, Idaho is not Plaintiff's home forum making the presumption in favor of Plaintiff's choice of forum less weighty. *See Sinochem*, 549 U.S. at 430 (quoting *Piper Aircraft*, 454 U.S. at 255-56); *see also Mehta*, 2014 WL 12603185, at *4. That being said, the Court still finds Plaintiff's choice of forum in this case carries some significance.

### C. Private and Public Interest Factors

The "private interest factors" the Court considers in resolving a *forum non conveniens* motion include:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Mehta*, 2014 WL 126033185, at *3 (quoting *Carijano*, 643 F.3d at 1229). "The 'public interest factors' include '(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum.'" *Id.* (quoting *Carijano*, 643 F.3d at 1232).

The private interest factors are the same whether the case is heard in this Court or Idaho state court. Plaintiff in this case is a resident of Oregon and Defendants are residents of Idaho. The litigants, witnesses, accessibility to evidence, and the like are all factors that

are equally convenient, expeditious, and economical between the two courts as the case will be heard in Idaho regardless of which court it is before. As to the public interest factors, the Court finds these interests are also very similar in both forums. The facts and circumstances giving rise to this case arose based on contacts and dealings had, at least in part, here in Idaho and, regardless of which court hears the case, the proceedings will occur in Idaho. While this Court is fully capable of hearing the claims, because the claims are state law claims, arguably, the state court is more familiar with its own governing law. The burden on the local courts and juries as well as the congestion of the courts is felt equally by both the Idaho state courts and this Court. The costs of resolving the dispute would also be quite similar.[3]

In conclusion, after weighing each of the public and private interest factors, the Court finds there is little difference in litigational convenience between having this case proceeding in this Court or in Idaho state court. Defendants have not met their burden to show the balance of private and public interests factors favor dismissal or that a trial in this forum would be unnecessarily burdensome to the Defendants or the Court. *See Dole Foods Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (moving defendant must make a "clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent."). For these reasons, the Court declines to exercise its discretion to grant

---

3 The Court recognizes that the costs of litigation in federal court may be somewhat higher and that this District continues to have an open judicial vacancy, but finds both of those factors are slight and do not demand dismissal for *forum non convenience* in this case.

dismissal based on *forum non convenience*. *Piper Aircraft*, 454 U.S. at 257 (The determination to dismiss under the forum non conveniens doctrine is "committed to the sound discretion of the trial court.").

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Defendants' Motion for Reconsideration and alternative Motion to Dismiss for *Forum Non Conveniens* (Dkt. 52) is **DENIED**.

DATED: July 11, 2017

_____
Edward J. Lodge
United States District Judge

**MEMORANDUM DECISION ORDER - 9**