# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| CRAIG WILCOX, an individual<br><br>Plaintiff/Counterdefendant<br><br>vs.<br><br>MICHAEL J. BIBIN AND ASSOCIATES, CPA, P.A., an Idaho Corporation, and MICHAEL BIBIN, an individual<br><br>Defendants/Counterclaimants. | Case No.: 2:15-cv-00261-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**MOTION TO STRIKE DISCLOSURES OF EXPERT WITNESS MICHAEL LARSON AND EXCLUDE HIS TESTIMONY AT TRIAL**<br>**(Docket No. 39)**<br><br>**MOTION FOR FILINGS MADE UNDER SEAL**<br>**(Docket No. 43)** |

Now pending before the Court are: (1) Defendants/Counterclaimants' Motion to Strike Disclosures of Expert Witness Michael Larson and Exclude His Testimony at Trial (Docket No. 39); and (2) Plaintiff/Counterdefendant's Motion for Filings Made Under Seal (Docket No. 43). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

## BACKGROUND

On October 14, 2015, the parties submitted a stipulated Litigation Plan, proposing an August 1, 2016 deadline for Plaintiff/Counterdefendant Craig Wilcox ("Plaintiff") to "disclose expert witnesses/reports." *See* Lit. Plan (Docket No. 16). U.S. District Judge Edward J. Lodge ultimately incorporated the August 1, 2016 deadline for Plaintiff's expert disclosures into the Court's October 23, 2015 Scheduling Order. *See* Sched. Order (Docket No. 17) ("**Disclosure of Experts:** The Plaintiff shall disclose expert witnesses and the expected testimony of those

**MEMORANDUM DECISION AND ORDER - 1**

witnesses on or before **August 1, 2016**.") (emphasis in original). Relevant here, the Scheduling Order also provided:

> **Rules Governing Disclosures of Expert Witnesses:** Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide, for each expert disclosed, the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

*Id.* (emphasis in original).

Other than previously identifying Michael Larson as his expert ("as well as his theories"), Plaintiff never provided formal expert disclosures by the August 1, 2016 deadline. Opp. to Mot. to Strike, p. 2 (Docket No. 46). In turn, within their September 6, 2016 Motion for Partial Summary Judgment, Defendants/Counterclaimants Michael Bibin and Michael J. Bibin and Associates CPA, P.A. ("Defendants") "mov[ed] the Court to exclude all expert witnesses to be disclosed by Plaintiff." Mot. to Exclude and Mot. for Partial Summ. J., p. 2 (Docket No. 37).

Plaintiff then disclosed Mr. Larson as their sole expert on September 27, 2016, and included an eight-page report signed by him with 226 pages of attachments. *See* Pl.'s Expert Witness Discl. (Docket No. 44). Defendants then moved to specifically strike "Plaintiff's disclosure of Expert Witness Michael Larson, all attending documents pertaining thereto, and exclude his testimony at trial" via the at-issue Motion, arguing that "the disclosure is untimely and Plaintiff did not seek an extension of time." Mot. to Strike, p. 2 (Docket No. 39).[1]

---

[1] The original arguments raised within Defendants' Motion for Partial Summary Judgment have therefore since crystallized into the instant Motion and will be resolved here. To the extent unresolved issues remain moving forward, Judge Lodge will likely incorporate their discussion into his anticipated consideration of Defendants' Motion for Partial Summary Judgment, if necessary.

**MEMORANDUM DECISION AND ORDER - 2**

**DISCUSSION**

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure states in relevant part that a party must disclose to the other parties the identify of any witness it may use at trial to present evidence under Federal Rule of Evidence 702 . . . ." Fed. R. Civ. P. 26(a)(2)(A). Parties must disclose their experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The disclosure must be accompanied by a written report; that report must contain: "(I) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B) (I-vi).

"The purpose of these disclosure requirements is 'to prevent surprise testimony by ensuring that opposing parties are aware of the nature of the expert opinions prior to trial.'" *Hilborn v. Metro. Grp. Prop. and Cas. Ins. Co.*, 2014 WL 2506303, *3 (D. Idaho 2014) (quoting *DR Sys., Inc. v. Eastman Kodak Co.*, 2009 WL 2982821, *3, n.2 (S.D. Cal. 2009)). "If a party fails to provide information nor identify a witness as required by the [R]ule, the party is not allowed to use that information or witness to supply evidence at trial unless the failure was substantially justified or is harmless." *Hilborn*, 2014 WL 2506303 at *3 (citing Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) 'gives teeth to [the Rule 26(a) disclosure] requirements by forbidding the use at trial any information not properly disclosed under Rule 26(a)." *Hilborn*, 2014 WL

2506303 at *3 (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "Rule 37(c)(1) is recognized as a broadening of the sanctioning power and a rule that is 'self-executing' and 'automatic.'" *Id*. Moreover, because of the automatic nature of this sanction, courts are not required to make a finding of willfulness or bad faith prior to excluding expert testimony at trial. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

The trial court has wide latitude in using its discretion to issue sanctions under Rule 37(c)(1). *See Yeti by Molly*, 259 F.3d at 1106. The burden is on the disclosing party to show that the delay was substantially justified or harmless. *See id*. at 1106-07 (holding it is implicit in Rule 37(c)(1) that burden is on party facing sanctions to prove harmlessness). Despite the severity of this exclusionary sanction, it may be appropriate "even when a litigant's entire cause of action or defense has been precluded." *Id*. at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)).

Here, it is undisputed that Plaintiff failed to properly disclose his expert, Mr. Larson, by the August 1, 2016 deadline – that is, though apparently identifying Mr. Larson as his expert previously, Plaintiff did not submit any expert report from Mr. Larson as of August 1, 2016. Even so, Plaintiff argues that his neglect in this respect is both substantially justified and harmless and, thus, Defendants' efforts to strike Mr. Larson's disclosure/testimony should be rejected.

First, Plaintiff appears to claim that his untimely expert disclosure is substantially justified, owing to "a clerical oversight due to calendaring . . . ." Opp. to Mot. to Strike, p. 3 (Docket No. 46); *see also* Griggs Aff., ¶ 3 (Docket No. 46, Att. 1) ("Rather than entering August

**MEMORANDUM DECISION AND ORDER - 4**

1, 2016 (the deadline for expert disclosure in the discovery plan), my office used the deadline for discovery, September 30, 2016, as the deadline for disclosure of expert reports as well. I do not know the reason for that as the person who did the calendaring at that time has been gone for several months."). There is no question that, with busy and hectic litigation practices, such things happen on occasion. However, such an omission, without more, cannot constitute substantial justification for violating an expert disclosure deadline. *See, e.g.*, *Baltodano v. Wal-Mart Stores, Inc.*, 2011 WL 3859724, *2 (D. Nev. 2011) (discussing factors that "may properly guide a district court in determining whether a violation of a discovery deadline is justified," before concluding: "*Inadvertent mistakes and unintentional oversights are not substantial justifications for delay*.") (citing *R & R Sails Inc. v. Ins. Co. of State of Penn.*, 251 F.R.D. 520, 526 (S.D. Cal. 2008)) (emphasis added); *Jennings v. Bell Helicopter Textron Inc.*, 2013 WL 5306638, *2 (S.D. Cal. 2013) ("internal error when . . . dates were not input into counsel's calendaring system and were subsequently missed" . . . "does not amount to substantial justification.") (internal quotation marks omitted). Inadvertence and inattentiveness may explain what happened here; however, they do not represent substantial justification for missing a Court-imposed deadline.

This is magnified by the fact that, even after becoming aware of the missed expert disclosure deadline (at the latest, when Defendants moved for partial summary judgment on September 6, 2016),[2] Plaintiff never moved to amend the Scheduling Order to extend his expert

---

[2] The Court notes that Defendants' expert disclosure deadline was August 31, 2016 and Plaintiff's rebuttal expert disclosure deadline was September 14, 2016. Assuming *those* deadlines were calendared correctly (and there is no indication in the record that they were not), it would follow that Plaintiff's awareness of the same, coupled with the institutional knowledge that such deadlines necessarily follow Plaintiff's expert disclosure deadline (especially after originally proposing the identical disclosure deadlines in the parties' stipulated Litigation Plan), would have prompted Plaintiff to immediately revisit the Scheduling Order to make sense of the situation and, likewise, immediately take whatever corrective action was necessary.

**MEMORANDUM DECISION AND ORDER - 5**

disclosure deadline. There is a reason offered for having missed the deadline, but the reason does not constitute substantial justification for extending the disclosure deadline.

Second, Plaintiff's argument that "[p]ermitting Plaintiff's expert to testify will not cause Defendants any harm whatsoever," is overstated and inapposite to the issue. Opp. to Mot. to Strike, p. 2 (Docket No. 46). It is true, as Plaintiff points out, that (1) Mr. Larson's identity and "theories" were known to Defendants, with Defendant even deposing Mr. Larson before the September 30, 2016 discovery deadline; and (2) the scheduled trial (April 25, 2017)[3] was still approximately seven months following Plaintiff's actual September 24, 2016 expert disclosure. *See generally id*. at pp. 2-8. However, the fact that Mr. Larson may have already been deposed does not *ipso facto* demonstrate harmlessness. Were that the case, there would be no reason for expert disclosure deadlines in the first place; further, such a "rule" would implicitly reward (or at least excuse) a party who misses the deadline for another party's erstwhile trial preparation. *See, e.g.*, *Columbia Grain, Inc. v. Hinrichs Trading, LLC*, 2015 6675538, *3 (D. Idaho 2015) ("But if adopted, this argument would prevent any diligent party from enforcing court-imposed deadlines. Forecasting court decisions is notoriously difficult, and a diligent party will typically take steps to protect itself in case the court does not exclude the testimony. If that diligence waives a claim of prejudice, deadlines will fade into obscurity."). Additionally, while having taken an expert's deposition is arguably better than not having one at all, such testimony is the product of an incomplete examination of that expert's opinions. It is, of course, the expert's report that identifies the framework of an expert's opinions and, correspondingly, the contours of

---

[3] On March 13, 2017, Judge Lodge vacated the trial date, to be reset, if necessary, after the Court issues a ruling on the pending dispositive motions, including Defendants' also-pending Motion for Reconsideration of Order Denying Motion to Dismiss (Docket No. 52). *See* 3/13/17 DEO (Docket No. 53).

**MEMORANDUM DECISION AND ORDER - 6**

an expert's deposition; without the benefit of that report, the testimony elicited therefrom stands alone, untethered to any substantiation up to that point in time. Simply put, such testimony cannot be tested in ways that would otherwise, typically and purposefully, be the case. *See, e.g.*, *Yeti by Molly*, 259 F.3d 1101 (citing favorably *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir. 2000) ("Without even a preliminary or draft supplemental expert witness report from [the expert], NutraSweet was greatly hampered in its ability to examine him about his analysis of the site work."))[4] So, even though Defendants may not have been *as* prejudiced as they could have been had they not taken Mr. Larson's deposition, they are nonetheless prejudiced. This prejudice cuts against a finding of harmlessness.

Also, by the time Plaintiff finally completed his expert disclosures on September 24, 2016, the deadline for all experts (including Defendants' expert disclosures and Plaintiff's own rebuttal expert disclosures) had passed in the meantime, while crowding up against the September 30, 2016 discovery deadline (less than a week later)[5] and the October 31, 2016 pre-

---

[4] The parties disagree as to whether Mr. Larson was deposed as a fact witness or expert witness. *See* Reply in Supp. of Mot. to Strike, p. 4 (Docket No. 51) (". . ., Mr. Bibin deposed Mr. Larson on July 29, 2016, but only as a fact witness. Prior to the deposition, Plaintiff had *not* disclosed Mr. Larson as a person with knowledge and had given no indication that Mr. Larson was going to provide expert opinions at trial. . . . Mr. Larson was equivocal about whether he would be asked to testify, and the opinions he provided at deposition were narrower than and in some instances differed from those which were in his expert report.") (internal citations omitted, emphasis in original).

[5] The undersigned is convinced that, as to any extension in the discovery deadline, it was expressly limited to individuals that did not include Mr. Larson. *See* 9/14/16 email from Defs.' counsel to Pl.'s counsel, attached as Ex. 1 to Lyon Aff. (". . . would you be willing to do the depositions of Craig, Mr. Bibin, and Cort during the week of October 10? We could agree to extend the discovery deadline as to those depositions."). The timing of this agreement makes this clear – it preceded Plaintiff's September 24 expert disclosure, followed Defendants' expert disclosure, and followed Defendants' Motion for Partial Summary Judgment.

**MEMORANDUM DECISION AND ORDER - 7**

trial motions deadline (a month away).⁶ Therefore, to say that Plaintiff's late expert disclosures should be excused because of a later-in-time trial date fails to recognize the lock-step preparation needed to defend against claims at trial – exactly what the Scheduling Order seeks to accomplish in this case. *See Morse v. SEG U.S. 95, LLC*, 2011 WL 781254, *4 (D. Idaho 2011). As this Court stated in *Morse*:

> As the Ninth Circuit has recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless."

*Id.* (quoting *Kjaer v. HGN, Inc.*, 2010 WL 1052211, *3 (D. Nev. 2010) (quoting *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1062 (9th Cir. 2005)); *see also Robertson v. Sadjak*, 2010 WL 1418393 (D. Idaho 2010) (excluding expert testimony under Rule 37(c) based upon failure to comply with scheduling order and Rule 26(a)(2)(B), even without pending trial date).

With all this in mind, Plaintiff's failure to meet his expert disclosure deadline was not substantially justified and caused harm to Defendants.⁷

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants/Counterclaimants' Motion to Strike Disclosures of Expert Witness Michael Larson and Exclude His Testimony at Trial (Docket No. 39) is GRANTED.

---

⁶ Further, Defendants had already moved for partial summary judgment by this time, arguing, in part, that Plaintiff cannot prove his prima facie case without an expert testifying as to the appropriate standard of care. *See generally* Mem. in Supp. of Mot. to Exclude and Mot. for Partial Summ. J. (Docket No. 37).(Docket No. 37, Att. 1).

⁷ To the extent Plaintiff's opposition to Defendants' Motion to Strike represents an attempt to amend the Scheduling Order and extend his expert disclosure deadline, there is no good cause to do so and Plaintiff's neglect in not moving earlier is not excusable. *See* Fed. R. Civ. P. 6(b)(1)(B).

**MEMORANDUM DECISION AND ORDER - 8**

In light of the above Order, Plaintiff/Counterdefendant's Motion for Filings Made Under Seal (Docket No. 43) is arguably moot. However, it is on file and appears to contain sensitive information that should be sealed/redacted. Accordingly, for the same reasons articulated in Judge Lodge's February 24, 2016 Order, the Motion is GRANTED, <u>but only insofar as a protective order is warranted</u> – to date, the parties have not submitted the requested protective order regarding the filing of privileged materials in this case by the original March 14, 2016 deadline for doing so (or, at least, no protective order is on file). Therefore, within two weeks of the entry of this Memorandum Decision and Order, the parties are to submit a joint protective order to the Court for its consideration that would ostensibly account for the information at-issue within Plaintiff's Motion for Filings Made Under Seal (Docket No. 43). Failure to do so may result in the unsealing of Docket No. 44.



DATED: **August 2, 2017**

_/s/ Ronald E. Bush_
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**