UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRAIG WILCOX, an individual,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>MICHAEL J. BIBIN, AND ASSOCIATES, CPA, P.A., an Idaho Corporation, and MICHAEL BIBIN, an individual,<br><br>Defendants/Counterclaimants. | Case No. 2:15-cv-00261-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above-entitled matter is the Defendants' Motion for Summary Judgment. (Dkt. 37.) The parties have filed their responsive briefing and the Motion is ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record without a hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

In June of 2012, Plaintiff Craig Wilcox and his father, Cort Wilcox, were financial advisors for another entity when Wells Fargo Advisors LLC offered Plaintiff an employment position. That offer prompted Plaintiff to explore a consulting arrangement

with Cort Wilcox to purchase his book of business in conjunction with accepting the employment offer from Wells Fargo Advisors LLC. Plaintiff met with and hired Defendants Michael J. Bibin and Associates CPA, P.A. and Michael Bibin (collectively Bibin) for the purpose of obtaining federal and state income and employment tax advice regarding these prospective employment and business acquisition opportunities. (Dkt. 1.) Based on the advice from Defendants, Plaintiff accepted the employment offer and entered into the consulting arrangement with Cort Wilcox. Later, in April of 2014, when Defendants prepared Plaintiff's 2013 tax returns they notified Plaintiff that he would not be able to deduct the expenses relating to the consulting arrangement with Cort Wilcox due to the operation of the Alternative Minimum Tax. Plaintiff's resulting total federal tax liability as reported was higher than expected and will continue to be higher for the ensuing nine years. Additionally, Plaintiff alleges the Defendants failed to claim a state income tax deduction for payments to Cort Wilcox resulting in additional tax liability and improperly advised him concerning IRS Form 1099 resulting in other tax penalties.

As a result, Plaintiff initiated this action raising a negligence claim for professional malpractice and a breach of fiduciary duty claim. (Dkt. 1.) Defendants filed a Motion to Dismiss which this Court denied. (Dkt. 19, 57.) Thereafter, Defendants filed the instant Motion for Summary Judgment as well as a related Motion to Strike. (Dkt. 37, 39.) The Motion to Strike was referred to Chief Magistrate Judge Ronald E. Bush who recently issued an Order granting the Motion to Strike concluding that the disclosures and testimony of Plaintiff's expert witness, Michael Larson, should be excluded. (Dkt. 58.) This Court now finds as follows as to the Motion for Summary Judgment.

## STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "material" if it affects the outcome of the litigation and may be considered "genuine" if it is established by "sufficient evidence supporting the claimed factual dispute…to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)); s*ee also British Motor Car Distrib. v. San Francisco Auto. Indus. Welfare Fund*, 883 F.2d 371 (9th Cir. 1989).

Under Rule 56, summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete[] failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

> In order to withstand a motion for summary judgment, a party
>
> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party;

and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car*, 882 F.2d at 374 (citation omitted). When applying this standard, the court views all of the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## DISCUSSION

The claims raised in the Complaint are: 1) Negligence (Professional Malpractice) and 2) Breach of Fiduciary Duty. (Dkt. 1.) Both claims require Plaintiff to prove breach of the applicable standard of care by Defendants as a Certified Public Accountant (CPA) in Idaho. *See e.g. Estate of Cornell v. Johnson*, 367 P.3d 173, 176 (Idaho 2015) (setting forth the elements of a legal malpractice claim); *Skinner v. U.S. Bank Home Mortg.*, 365 P.3d 398, 403-04 (Idaho 2016) (discussing the elements for a breach of fiduciary duty claim). Such a showing necessarily demands that Plaintiff present expert testimony because the standard of care for a CPA in Idaho is not ordinarily within the knowledge or expertise of the members of a jury. *See Greenfield v. Smith*, 395 P.3d 1279, 1285 (Idaho 2017) (expert testimony required to establish genuine issues of material fact on summary judgment as to the standards of care in attorney malpractice case where jury lacks the knowledge or experience necessary to make such determinations); *see also Hayward v. Jack's Pharmacy Inc.*, 115 P.3d 713, 718 (Idaho 2005) ("We have consistently held that in order to survive a motion for summary judgment in medical malpractice cases, the plaintiff must offer expert testimony indicating the health care provider negligently failed to meet the standard

of care...."); *Easterling v. Kendall*, 367 P.3d 1214, 1226 (Idaho 2016) (expert testimony required in medical malpractice case where "the causative factors are not ordinarily within the knowledge or experience of laymen composing the jury"). The disclosures and testimony of Plaintiff's expert, Michael Larson, however, have now been stricken. (Dkt. 58.)

This Court has reviewed Magistrate Judge Bush's Order striking Mr. Larson's testimony as well as the parties' briefing on the matter both on the Motion to Strike as well as the Motion for Summary Judgment and the entire record herein. (Dkt. 37, 39, 40, 45, 46, 51.) Having done so, this Court is in agreement with the Magistrate Judge's legal analysis, application of the facts, and conclusions as articulated in the Order granting the Motion to Strike.[1] For the reasons stated in the Magistrate Judge's Order, this Court too finds Plaintiff's failure to properly disclose his expert was neither justified nor harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Court further finds Plaintiff's noncompliance with the expert disclosure requirements and deadlines was willful given the fact that even after becoming aware of his having missed the expert disclosure deadline, Plaintiff did not seek to extend the deadline or make any attempt to otherwise remedy the error. *See R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1247-48 (9th Cir. 2012). For these reasons and those stated in the Magistrate Judge's Order, the Court finds Mr. Larson's opinions and testimony are excluded from consideration in this case. *See* Fed. R. Civ. P. 26(a)(2) and 37(c)(1); *Yeti by Molly*, 259

---

[1] The Court expressly adopts and incorporates the Magistrate Judge's Order herein. (Dkt. 58.)

F.3d at 1106. Plaintiff has pointed to no other evidence or alternative means for establishing the necessary elements of his claims. For these reasons, the Court finds Plaintiff is unable to establish the *prima facie* case on both of his claims. Therefore, summary judgment is granted in favor of Defendants on both of Plaintiff's claims.

In their Answer, Defendants have raised three counterclaims for Breach of Express Contract, Breach of Implied-In-Fact Contract, and Unjust Enrichment. (Dkt. 21.) Plaintiff has alleged affirmative defenses to the counterclaims. (Dkt. 22.) The Defendants shall notify the Court as to how they intend to proceed on their counterclaims by filing a written notice on or before September 5, 2017. (Dkt. 21.)

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Defendants' Motion for Summary Judgment (Dkt. 37) is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED**.

2) Defendants shall notify the Court in writing on or before **September 5, 2017** as to how they intend to proceed on their counterclaims.

DATED: August 30, 2017

Honorable Edward J. Lodge
United States District Court